**BRADLEY v. BLAKLEY.**

No. 4518.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1933.

Jesse S. Heard, of Monroe, for appellant.

W. Decker Moore, of West Monroe, for appellee.

MILLS, Judge.

This action is brought to recover compensation under the Workmen's Compensation Act (No. 20 of 1914, as amended) for injuries sustained while "cutting and manufacturing pulp wood." The petition alleges that, while he was in the act of cutting said wood for defendant, by accident a chip was thrown up by the axe, hitting him in his left eye, destroying the sight thereof.

Defendant excepts that the "petition does not state or declare a cause or right of action for the reason that the said employment of plaintiff is not covered by section 1, subsection 2 (a), as the employment was not hazardous, under said section and the said occupation and employment were not taken out of or placed under the said Workmen's Compensation Act, in compliance with section 1, subsections 3 and 4 of the Louisiana Workmen's Act."

The matter is covered by section 1, subsection 2 (a), which provides:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That this act shall apply only to the following: * * *

"[Subsec.] 2. Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations:

"(a) The operation, construction, repair, removal, maintenance and demolition of * * * factories * * * sawmills * * * lumber yards * * * sash and door factories, wood-working establishments * * * logging and lumbering."

■ "Factory" means any premises wherein mechanical power is used in manufacturing, making, altering, adapting, ornamenting, finishing, repairing, or renovating any article or articles for the purpose of trade or gain, or of the business carried on therein.

The petition alleges that plaintiff was engaged in "cutting and manufacturing pulp wood." It does not disclose where the accident happened, whether in the woods or in a factory. We do not know whether he was a wood chopper or factory hand.

Defendant in his brief says that pulp is not logging, nor is it lumbering, inasmuch as the logs and timber cut, with few exceptions, do not exceed four inches in diameter; that it is more the type of cutting stove wood, which any reasonable minded person will concede is not logging nor lumbering; that logging and lumbering are the cutting and manufacturing of merchantable timber, which only include trees with a diameter of ten inches or more.

All of these facts alleged by and depended upon by defendant may be well known to counsel, but they are not alleged in the petition and are not known to the court.

■ The exception involves a question of fact squarely presented by the answer already filed in the case, which requires the taking of testimony. The issue is not properly presented on an exception of no cause or right of action. It should be determined on the merits.

The judgment of the lower court sustaining the exception is reversed, and the exception is overruled and the case remanded for trial on the merits, with full reservation of defendant's rights to present the same defense upon the merits.